UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LATONYA BRADLEY**,

    Plaintiff,

    v.

**PUBLISHERS CLEARING HOUSE LLC**,

    Defendant.

Case No. 1:24-cv-1962-TNM

### MEMORANDUM OPINION

Plaintiff Latonya Bradley believes Publishers Clearing House ("PCH") is withholding prizes from a sweepstake she won. PCH disagrees. It says there is no indication Bradley ever entered a PCH sweepstake. Instead, it maintains that fraudsters impersonating the company targeted Bradley as part of an obvious scam. It moves to dismiss her complaint for failure to state a claim. The Complaint does not allow for an inference that Bradley entered a PCH sweepstake, won a sweepstake, or is otherwise entitled to anything from PCH. So the Court will dismiss her Complaint.

### I.

Bradley, proceeding pro se and *in forma pauperis*, sued PCH in the Superior Court of the District of Columbia. Compl., ECF No. 1-1, at 1; *see also* Superior Court Case Summary, ECF No. 10, at 1–2 (allowing filing without prepayment of cost). In her Complaint, Bradley states: "I have not received my PCH winnings of 1,000,000 a year for life and my car I won." Compl. at 1. She explains that she "just would like to receive [her] winnings" and hopes PCH does not "claim it to be fraud because the Lady is on the photo holding the check." Compl. at 1–2. Bradley's Complaint includes no further facts.

PCH removed to federal court based on diversity jurisdiction. Notice of Removal, ECF No. 1, at 2. It then moved to dismiss the Complaint for failure to state a claim.[1] Def.'s Mot. to Dismiss ("Mot. Dismiss"), ECF No. 5. PCH contends the Complaint "lacks facts to support any cognizable legal claim" because Bradley does not identify "any obligation owed to her by [PCH], either via contract or operation of law." Mot. Dismiss at 3.

The Court issued Bradley a notice under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), explaining the import of PCH's motion to dismiss. *Fox* Notice, ECF No. 7. She responded to the motion with screenshots from Facebook Messenger that purportedly show PCH notifying her of her selection as a winner. *See* Pl.'s Opp'n to Mot. Dismiss ("Opp'n"), ECF No. 8, at 1. Bradley exchanged messages with several social media accounts bearing names like "P.C.H CALMING AGENT" and "The Real Pchprizepatrol Danielle Lam." *See* Pl.'s Ex., ECF No. 8-1, at 5, 8. The messages, often written in all caps, are rife with spelling and grammar errors and request that Bradley pay a $1000 delivery fee for her prizes. Pl.'s Ex. at 9. The prize amount also fluctuates wildly. One message announces that Bradley's prize is $100,000. Pl.'s Ex. at 9. Another shifts it to $1 million and a car. Pl.'s Ex. at 5. And still another declares that she won $30 million. Pl.'s Ex. at 3. The messages include two photos of a woman holding a PCH-branded novelty check made out to Bradley. Pl.'s Ex. at 3, 5.

In its reply brief, PCH doubles down on its argument and says Bradley's messages show she was "targeted by a sweepstakes scam." Def.'s Reply, ECF No. 11, at 3. It reiterates that Bradley has offered no facts from which to infer that PCH owes her anything. Def.'s Reply at 2.

---

[1] PCH also moved for summary judgment. *See* Mot. Dismiss at 4–6. The Court does not reach PCH's summary judgment arguments and resolves this case solely on the motion to dismiss.

## II.

To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  In other words, the complaint must enable a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Pleadings by pro se plaintiffs are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (cleaned up).  Still, even liberally construed pleadings are subject to the confines of judicial "common sense." *Iqbal*, 556 U.S. at 679.  When evaluating the plausibility of pro se allegations, a court can move beyond the four corners of the initial pleading and consider exhibits submitted by the plaintiff "to clarify the allegations in the complaint." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 529 (D.C. Cir. 2015); *see also Bowman*, 848 F.3d at 1039 (same).

## III.

Start with Bradley's Complaint.  From its contents, the Court cannot reasonably infer that PCH "is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Though Bradley contends PCH is withholding her prizes, the Complaint includes no facts indicating that she ever entered a PCH sweepstake, much less won a prize.  Even when liberally construed, her Complaint merely states without explanation that she is entitled to $1,000,000 and a car.  These "naked assertions devoid of further factual enhancement" are not enough.  *Id.* (cleaned up).

Because Bradley is pro se, the Court can also consider the screenshots she submitted to clarify her allegation.  *See Abdelfattah*, 787 F.3d at 529.  But they do not help her.  It is apparent on the face of the messages that Bradley is communicating with some unknown third party, not

PCH. The messages come from multiple accounts with names like "P.C.H CALMING AGENT" that are clearly not authentic PCH accounts. One set of messages urges Bradley to send money to facilitate delivery of her supposed winnings—a "telltale sign[] of a scam." *Driessen v. F.B.I.*, 15-cv-00693, 2015 WL 2169253, at *1 (D.D.C. May 6, 2015), *aff'd*, 621 F. App'x 1 (D.C. Cir. 2015); *see also* Def.'s Reply at 2 (PCH warns of this scam on its website). The messages are also riddled with typos and an everchanging prize amount. Given these obvious red flags, "common sense" martials against any inference that Bradley was dealing with official PCH representatives. *Iqbal*, 556 U.S. at 679.

In short, no one looking at the messages or photos would believe that Bradley won a PCH sweepstake. And her Complaint offers no plausible path to success either. So the Court cannot infer that PCH has any legal obligation to provide Bradley with money and a car. Her Complaint thus fails to state a claim and must be dismissed.

## IV.

For these reasons, the Court will grant Defendant's Motion to Dismiss without prejudice. A separate Order will issue today.

Dated: March 11, 2025

TREVOR N. McFADDEN
United States District Judge

4